**Pages 1 - 14**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Araceli Martinez-Olguin, Judge

| | |
|---|---|
| PAUL TREMBLAY, et al.,<br>        Individual and<br>        Representative Plaintiffs,<br><br>  VS.<br><br>OPENAI, INC., et al.,<br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>) **NO. 23-CV-03223 AMO**<br>)<br>)<br>)<br>) |
| SARAH SILVERMAN, et al.,<br>        Individual and<br>        Representative Plaintiffs,<br><br>  VS.<br><br>OPENAI, INC., et al.,<br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>) **NO. 23-CV-03416 AMO**<br>)<br>)<br>)<br>) |
| MICHAEL CHABON, et al.,<br>        Plaintiffs,<br><br>  VS.<br><br>OPENAI, INC., et al.,<br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>) **NO. 23-CV-04625 AMO**<br>)<br>)<br>)<br>) |

San Francisco, California
Thursday, December 7, 2023

**TRANSCRIPT OF PROCEEDINGS**

**(APPEARANCES ON FOLLOWING PAGE)**

REPORTED BY:  Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
              CSR No. 7445, Official United States Reporter

**APPEARANCES**:

For Plaintiffs:
        JOSEPH SAVERI LAW FIRM, INC.
        601 California Street
        San Francisco, California 94108
    **BY:  JOSEPH R. SAVERI, ATTORNEY AT LAW**
        **CHRISTOPHER K. YOUNG, ATTORNEY AT LAW**

        LAW OFFICE OF MATTHEW BUTTERICK
        1920 Hillhurst Avenue, Suite 406
        Los Angeles, California 90027
    **BY:  MATTHEW C. BUTTERICK, ATTORNEY AT LAW**

For Defendants:
        LATHAM & WATKINS LLP
        505 Montgomery Street, Suite 2000
        San Francisco, California 94111
    **BY:  ANDREW M. GASS, ATTORNEY AT LAW**

        MORRISON & FOERSTER LLP
        425 Market Street
        San Francisco, California 94105
    **BY:  JOSEPH C. GRATZ, ATTORNEY AT LAW**

Also Present:    **Renny Hwang**
        **Fred von Lohmann**
        **Mike Trinh**

|   |   |   |
|---|---|---|
| 1 | **Thursday - December 7, 2023** | **3:06 p.m.** |

                          P R O C E E D I N G S

                                ---o0o---

       **THE CLERK:** Calling civil matters, Related Cases 23-3223, Tremblay, et al. v. OpenAI Incorporated, et al. and 23-3416, Silverman, et al. v. OpenAI Incorporated, et al.

       Counsel, please state your appearances for the record, starting with the plaintiff.

       **MR. SAVERI:** Good afternoon, Your Honor. Joseph Saveri on behalf of the plaintiffs.

       **MR. YOUNG:** Good afternoon, Your Honor. Christopher Young on behalf of plaintiffs.

       **MR. BUTTERICK:** Your Honor, good afternoon. Matthew Butterick for the plaintiffs.

       **THE COURT:** Good afternoon.

       **MR. GASS:** Good morning, Your Honor. Andy Gass from Latham & Watkins on behalf of defendants OpenAI.

       With us in the gallery from OpenAI are Renny Hwang, Fred von Lohmann, and Mike Trinh.

       **THE COURT:** Good afternoon.

       **MR. GRATZ:** Hi. I'm Joe Gratz from Morrison & Foerster, also for OpenAI.

       **THE COURT:** Good afternoon, everyone, and thank you for hanging in there. I realize you didn't have much choice in the matter, but I still want to thank you for your patience.

1       All right.  Mr. Saveri, let's talk.  So I have the
2  benefit of -- because -- and I thank you all for the
3  supplemental -- for all the supplemental authority that you
4  have continued to bring my way.
5       I have to tell you, I read Judge Chhabria's short,
6  sweet opinion; and so you'll forgive me, Mr. Saveri, but I'm
7  tempted to just start by asking you:  Tell me why
8  Judge Chhabria is wrong that the theories of liability, at
9  least as presented in the current operative complaint, aren't
10 viable.
11      **MR. SAVERI:**  Well, Your Honor, thank you.
12      We certainly differ with respect to the way
13 Judge Chhabria landed on a number of the issues, and I could go
14 through those.
15      I would also say that with respect to how
16 Judge Chhabria landed on them -- I mean, first of all, the
17 direct infringement claim is not disputed in both cases.
18 There's the claim with respect to the training -- right? --
19 which is essentially -- which the defendants don't dispute.
20 The training model claims are not opposed.
21      So there are, just as in Judge -- the case
22 involving -- that Judge Chhabria decided, the direct
23 infringement, the copyright claims were not opposed, and they
24 will proceed.  So at least with respect to one -- with respect
25 to a -- we have multiple theories of liability with respect to

1  that claim.  And there are claims that are not opposed.  So
2  that claim is surviving.
3          Now, in addition, there are other claims that
4  Judge Chhabria did rule on:  the vicarious infringement
5  claim, the state law claims.  Those claims as well, he did, of
6  course, grant leave to amend with respect to all of them.
7          And to the extent that you are impressed or convinced
8  by Judge Chhabria's --
9          **THE COURT:**  Moved.  Sorry.
10         **MR. SAVERI:**  -- moved, that we, of course, would want
11 to have leave to amend.
12         Look, I think there are a couple of key things that I
13 would say.
14         The fact that the -- the fact that -- most of
15 Judge Chhabria's -- a lot of the argument in front of
16 Judge Chhabria was about substantial similarity and whether the
17 Ninth Circuit law requires that or not.  I just want to be very
18 clear with Your Honor that our position under the *Range Road*
19 case, other cases in the Ninth Circuit, hold that when we
20 allege and we can prove direct copying, the requirement of
21 substantial similarity is not an additional requirement.
22         And what I would ask the Court to look at is
23 Judge Bibas' decision from the District of Delaware in the
24 *Thomson Reuters* case, where Judge Bibas wrote (as read):
25             "There are two ways to show actual copying.

1    Thomas Reuters" -- that's the plaintiffs in that
2    case -- "can present direct evidence or it can
3    present circumstantial evidence demonstrating that
4    the defendants there had access to the copyrighted
5    work and that their work contained similarities
6    probative of copying."
7         So the copyright claims involve a claim that the
8 protected work was impermissibly, without permission,
9 reproduced.  That reproduction can be shown by evidence of
10 direct copying as well as substantial similarity, which is
11 circumstantial evidence of that.
12        It's our position, consistent with what Judge Bibas
13 found in this recent *Thomson Reuters* case, that those are
14 alternative ways of proving it.  Judge Chhabria, to be fair,
15 was not -- was not moved and disagreed with us.  But I wanted
16 to be very clear that that's -- that that's our -- that's our
17 position.
18        With respect to the other --
19        **THE COURT:**  Before you move on --
20        **MR. SAVERI:**  Yes.
21        **THE COURT:**  Before you move on, you mentioned that you
22 have other Ninth Circuit authority beyond *Range Road*.  If you
23 were going to point me to one other, what would it be?
24        **MR. SAVERI:**  Well, in addition to *Range Road* for this
25 point?

1      **THE COURT:**  Yes.

2      **MR. SAVERI:**  Sure, Your Honor.  I think the three
3  cases that we think are the best and show why we are correct,
4  one, *Range Road* was the Ninth Circuit 2012 case.  I just
5  mentioned the *Thomson Reuters* case, which was a September 25th,
6  2023, case by Judge Bibas from the District of Delaware.  We've
7  also cited *ITC Textile vs. Wal-Mart Stores*, which is a -- cited
8  in the brief.  It's a Central District of California case
9  decided in December of 2015.

10     So those are really the three cases we hang our
11 collective hat on, and so I just wanted to be very clear about
12 that.

13     **THE COURT:**  Thank you.

14     **MR. SAVERI:**  It's an interesting position you've put
15 me in, Your Honor, because very much I think that the -- a lot
16 of arguments that we made in front of Judge Chhabria we would
17 just simply repeat to you here.  We've put them in our briefs.

18     **THE COURT:**  If it -- go ahead.

19     **MR. SAVERI:**  And, Your Honor, I guess what -- if there
20 are any particular ones that you would want me to address, I'm
21 happy -- I'm happy to go through them.

22     Certainly, we feel like -- and we're confident that
23 with leave to amend, there are more facts to allege.  I guess I
24 would say that one of the consequences of that will be a
25 complaint which is substantially longer and in more detail.

1  And that's by way of a promise, not a threat.  But there will
2  be a much longer document.
3         And we welcome the opportunity.  You know, we've had a
4  number of these other cases.  Judge Tigar, Judge Orrick has
5  given us leave to amend.  We do our homework, and we're
6  prepared to address the questions or concerns that the Court
7  has about the pleading.
8         So if there are particular questions or elements of
9  our theory you'd like me to address, I'm happy to do it.
10        **THE COURT:**  Let me say this, Mr. Saveri.  One of the
11 things that jumped out at me -- not only do I have the benefit
12 of Judge Chhabria's opinion, I also read through the transcript
13 from that hearing.  And I think what struck me -- And I don't
14 mean to -- I don't mean to -- you all will get time.  I'm not
15 saying you don't.
16        But what struck me, ultimately, is that it felt like
17 many places in the dialogue with Judge Chhabria, what I --
18 where I think he landed, ultimately, was you describing things
19 that might be viable causes of action but that just aren't
20 presently in the complaint as pled.
21        So you don't have to convince me that there might well
22 be things that you can add that you will get to -- you'll live
23 to write another day; but ultimately, what I have in front of
24 me is the complaint as it is.
25        **MR. SAVERI:**  And I understand that, Your Honor.  And

if you read the transcript, you will note that I tried to show and tried to convince that the facts are there that are necessary to state our causes of action under Rule 8, consistent with the rules of notice pleading. I fully understand that Judge Chhabria was not sold, and he thought and believes a number of the specific facts that we talked about were not in the complaint.

And, again, I would find myself in the same position. We could talk about those and explain them; but if the Court finds that the complaint, as pled, is missing some of those complaints, I think what we would do is say: Well, we disagree. We'd certainly -- we're entitled to leave to amend, and that would be the appropriate way to proceed.

**THE COURT:** Thank you, Mr. Saveri.

Gentlemen?

**MR. GASS:** Andy Gass from Latham & Watkins on behalf of OpenAI.

And, Your Honor, I'll be brief here. Like you, I was quite persuaded by Judge Chhabria's order, as I was by Judge Orrick's order of October 30. We should remember to give him his due.

Just to very quickly respond to Mr. Saveri's argument, the binding Ninth Circuit precedent that he didn't mention is the *Litchfield* case, in which there was a playwright who had written a one-act play about an extraterrestrial and submitted

1  it to Universal Films to see if they would make a movie of it.
2  And so they had the play right there, and they sent her a note
3  saying "We'll pass."
4       They went on to make the movie *E.T.*, and she sued them
5  and Steven Spielberg for having illegally copied her idea, her
6  play, and then for having created an unlawful derivative work
7  via the movie.
8       And so everyone agrees that Universal had access to
9  the copyrighted work that they would ultimately -- was
10 ultimately at issue in the case.  On the basis of those facts,
11 the Ninth Circuit held that it was frivolous to contend that
12 the movie was a derivative work of the play, irrespective of
13 whether there was substantial similarity between the two,
14 because, they said:  Of course, even in a case where the
15 defendant had access, unmistakably, to a copy of the allegedly
16 infringed work, the plaintiff still needs to show that their
17 thing looks like her thing.
18       I won't go ahead and distinguish the *Range Road* case
19 because I think that Judge Chhabria did that quite ably.
20       Another case that Mr. Saveri mentioned was the *ITC*
21 case.  There, too, it's the same analysis that Judge Chhabria
22 embraced with respect to *Range Road*, which is to say, it was
23 undisputed in that case that what the defendant did was use an
24 identical copy of the plaintiffs' thing.
25       The facts of that one were a little different.  It was

1  about textiles.  And the plaintiff in that case had actually
2  sent verbatim identical digital files of their textiles to the
3  defendant.  And the defendant -- there's a quote in the case
4  from a sworn declaration from the defendant saying, "Of course
5  we used the actual thing that they had sent us."  So there was
6  no debate about that.
7         And just as in *Range Road*, where as Judge Chhabria
8  noted, the point was there was no dispute with respect to
9  infringement that what had been used at the output stage, so to
10 speak, was identical, so, too, in the *ITC* case.  That's all
11 that those cases stand for.
12        The *Thomson Reuters* case, briefly, is an important
13 one, I agree with Mr. Saveri; but it helps OpenAI here, not his
14 side.  I would direct Your Honor's attention to star page 10 of
15 the Westlaw opinion in that case.
16        And that's a case that's a little bit closer factually
17 to the scenario that we're looking at here.  It's a case about
18 a start-up company that was trying to create a sort of
19 generative AI-type product for lawyers.  And so the copyrighted
20 works that were copied in that case were Westlaw opinions with
21 the headnotes and all of that stuff included.  And Judge Bibas
22 in that case denies summary judgment to both sides, but he has
23 a lot to say about whether the ultimate use of the copyrighted
24 headnotes in the judicial opinions is fair use.
25        What he says at the passage that I'm directing your

attention to here at page star 10 is, he says (as read):

> "I actually need to know whether, in practice, the outputs of the defendant's product reprise the copyrighted expression from the headnotes, because if they do, this is a very different case than if they're just reprising the unprotected expression from the judicial opinions."

Now, suffice it to say, that analysis makes no sense if literally everything that the AI spits out is a *prima facie* infringement.

So if Your Honor doesn't have any more questions, I will sit down.

**THE COURT:** Thank you.

**MR. GASS:** Thank you.

**MR. SAVERI:** And, Your Honor, without belaboring it, we addressed the arguments that my opponent just made with respect to *Litchfield*. We cite to the *ITC Textile* case, and we cite this language in the brief.

(As read):

> "In particular, the fact that the final result of defendants' work differs from plaintiff's work is not exonerating."

So I would just refer the Court to the language in the argument that we have on page 9 of our brief, our discussion of *ITC Textile* and how, as we explain in Footnote 4, that

1	*Litchfield* can, in fact, be distinguished.
2	          I mean, here, we have allegations, which we will
3	prove, that the work of our plaintiffs was substantially
4	copied, if not copied completely.  That proof was absent in the
5	*Litchfield* case completely.
6	          The other thing I would just note about Judge Bibas's
7	decision is, I think what's important here -- among the things
8	that are important here is, ultimately, Judge Bibas concludes
9	that these issues, the issues that are framed by the complaint,
10	are ultimately factual issues and, as my opponent just
11	indicated, that these are issues which are more appropriately
12	not resolved on the pleadings but more appropriately under
13	Rule 56 on summary judgment or is going to -- most likely by a
14	jury at trial.  And I think that's quite important.
15	          With that, Your Honor, I don't have anything to add.
16	          **THE COURT:**  Thank you, Mr. Saveri.
17	          Counsel, I thank you all.  I'll take it under
18	submission.
19	          My sense is that it's probably beneficial for you all
20	to get -- I will tell you, I'm tempted to do it from the Bench,
21	but I think there's some value in there being something else
22	written.  I'm sure my law clerks don't love that.  But we'll
23	get you something.  I won't promise you any sort of timeline,
24	but I'll just thank you and take it under submission.
25	          **MR. SAVERI:**  Okay.  Thank you.

1    **THE COURT:** Thank you.

2         And I regret keeping you.  I should have had you all

3    go first.  I'm so sorry.

4                          (Laughter.)

5         **THE COURT:** All right.  We're adjourned.  Thank you.

6              (Proceedings adjourned at 3:23 p.m.)

7                            ---o0o---

8                      **CERTIFICATE OF REPORTER**

9         I certify that the foregoing is a correct transcript

10   from the record of proceedings in the above-entitled matter.

11

12   DATE:  Monday, December 11, 2023

13

14

15              *[signature: Ana Dub]*

16   _____

17          Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
         CSR No. 7445, Official United States Reporter

18

19

20

21

22

23

24

25